# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ISRAEL HERNANDEZ-MORALES, also known as David Hernandez-Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2342-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Hernandez-Morales (Hernandez) appeals the 63-month sentence imposed by the district court following his conviction for illegal reentry into the United States after having been deported. Hernandez argues that his sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

The Guidelines expressly permit the district court to consider a defendant's prior conviction for an increase in offense level under U.S.S.G. § 2L1.2 and for calculating criminal history. *See* § 2L1.2, comment. (n.6). Further, this court has rejected the argument that a presumption of reasonableness should not be afforded a guideline range resulting from application of § 2L1.2 because such application amounts to impermissible double counting. *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 2009 WL 3162196 (U.S. Oct. 05, 2009) (No. 09-6195).

Hernandez has not shown that the sentence imposed by the district court was substantively unreasonable. Although his offense was not necessarily a crime of violence, Hernandez has shown a disrespect for the law. Further, as noted by the district court, Hernandez had other options for dealing with the problem of his alleged enemies in Mexico rather than illegally returning to the United States. AFFIRMED.